UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOMMY LOUIS WILLIAMS,

        Plaintiff,

v.

        Case Number 20-12172
        Honorable David M. Lawson
        Magistrate Judge R. Steven Whalen

JUDITH A. FULLERTON, MARK A. ROSS,
DAVID S. LEYTON, MONA PATTERSON,
and AMBER SMITH,

        Defendants.
_____/

**OPINION AND ORDER VACATING REFERAL ORDER AND
SUMMARILY DISMISSING COMPLAINT**

Plaintiff Tommy Louis Williams is a Michigan prisoner serving a sentence for sexually assaulting his minor daughter. He filed a complaint in this case under 42 U.S.C. § 1983 against the judge who presided over his trial, his defense attorney, the county prosecutor, a police detective, and a laboratory technician. He alleges that his Fourth, Fifth, and Sixth Amendment rights, and his rights under the Confrontation Clause were violated by defendant Ross; and that defendant Leyton committed prosecutorial misconduct. The case was referred to Magistrate Judge R. Steven Whalen for pretrial management. However, after completing the screening required by 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it is apparent that the case must be dismissed as frivolous. The Court, therefore, will withdraw the reference and dismiss the case.

I.

The basis of the plaintiff's claims is his trial and conviction for sexually assaulting his daughter MW when she was eleven or twelve years old, resulting in her pregnancy. The complaint is difficult to follow, but his primary allegations are against defendants Mark A. Ross, his defense

lawyer, and David S. Leyton, the county prosecutor. He states that Ross failed to investigate his case and failed to call the witnesses he requested. The plaintiff accuses defendant Leyton of committing prosecutorial misconduct and denying him a fair trial, because Leyton asked him an "argumentative question."

The plaintiff describes some of police detective defendant Mona Patterson's actions in the course of investigating his cold case, but he does not allege that she violated his federal or constitutional rights in any way. He states that Amber Smith, a laboratory DNA technician, should "go back to school," because of the implausibility of the DNA test results for which she was responsible. Finally, the plaintiff makes no allegations at all against defendant Judith A. Fullerton, the state circuit judge who presided at his trial.

The plaintiff also alleged facts that were not expressly directed against any single defendant or group of defendants. For instance, he points to a change in DNA test results between 2008, which indicated the likelihood of his paternity of his daughter's baby at 99.99%, and 2017, when the odds were reported as 99.9%. He also describes "DNA evidence" of which the "big[ge]st part" reported that he was not the father, but another part says that he was. The plaintiff repeatedly challenges the facts in a report from Michigan Child Protective Services which said his daughter was 21 weeks pregnant at the age of 12, when she actually had the baby in 2004 at age 13.

The significance of these allegations is not readily apparent. One of the plaintiff's exhibits is an excerpt from his state Presentence Investigation Report, which refers to Michigan Child Protective Services and includes an error regarding MW's age at the time she was determined to be pregnant. That is, if her date of birth was correctly reported as 9/21/1990, she would have been 13 years old in November 2003, when a referral was made to CPS and she was approximately 21 weeks pregnant. The plaintiff also included a transcript excerpt that appears to be MW's trial

testimony (although neither the proceeding nor the speaker is identified), in which she states that she had the baby in April 2004.

The plaintiff requests relief from his conviction and sentence. He asks for defendant Patterson to provide evidence relating to the DNA taken in 2007 and to his arrest in 2003. In the relief section, the plaintiff reiterates that Ross violated his attorney obligations.

II.

The plaintiff has been granted pauper status at his request, and the initial payment of filing fees has been waived. When a plaintiff asks the Court to waive fees and costs because he cannot afford to pay them, the Court must screen the case for merit. The Prison Litigation Reform Act (PLRA) requires the Court to dismiss a prisoner's complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The same screening is required when the complaint seeks redress against government entities, officers, and employees. 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A complaint filed by an unrepresented party is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, Federal Rule of Civil Procedure 8(a) requires that all complaints must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). This notice pleading standard does

not require detailed factual allegations, but it does require more than the bare assertion of legal conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a federal civil rights claim, the plaintiff must allege that: (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state or federal law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, the plaintiff must allege that the deprivation of his rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

The plaintiff has failed to state a claim upon which relief may be granted against defendant Fullerton. Beyond naming her as a defendant, he alleges no individual actions or omissions on her part, nor any personal involvement in the purported violation of his constitutional or federal rights. Moreover, Judge Fullerton in her role as the judicial officer who presided over the plaintiff's criminal case enjoys absolute immunity "from § 1983 suits arising out of [her] performance of judicial functions." *Huffer v. Bogen*, 503 F. App'x 455, 458 (6th Cir. 2012) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)).

Similarly, the plaintiff's claims against defendant Leyton fail because the prosecutor is also immune from suit. "Absolute prosecutorial immunity, like absolute judicial immunity, is a common law principle that shields a prosecutor from § 1983 liability." *Cooper v. Parrish*, 203 F.3d 937, 946 (6th Cir. 2000). A prosecutor has absolute immunity for all acts "intimately associated with the judicial phase of the criminal process," including "presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Cooper*, 203 F.3d at 947 (absolute immunity applies when the prosecutor acts "as an advocate for the state").

The plaintiff contends that Leyton's "argumentative question" violated his right to a fair trial. That allegation arises out of Leyton's "present[ation of] the State's case," for which he is absolutely immune. *Imbler*, 424 U.S. at 430.

Next, the plaintiff's allegations against defendants Patterson and Smith fail because, even generously read, the complaint does not set forth any facts that establish that either defendant violated the plaintiff's rights under the United States Constitution or federal laws. The plaintiff describes Patterson's activities in investigating his criminal case but does not explain how any of those activities violated his rights. The plaintiff states only that Amber Smith, the DNA analyst, should return to school. Neither set of allegations have the "facial plausibility" required to demonstrate the defendants are liable for unconstitutional misconduct. *Iqbal*, 556 U.S. at 678.

The plaintiff's case against defense attorney Ross also fails. The plaintiff does not indicate whether Ross was court-appointed or retained. Either way, an attorney serving as criminal defense counsel does not "act under color of state law for purposes of § 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'" *West v. Atkins*, 487 U.S. 42, 50 (1988) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 323 n.13 (1981)). *West* involved public defenders, but this rule also applies to court-appointed defense counsel. *White v. Robertson-Deming*, 9 F. App'x 418,

419 (6th Cir. 2001) (citing *Polk*, 454 U.S. at 321). Nor is a retained attorney "a person acting under color of state law so as to be subject to suit under § 1983." *James v. Mann*, 234 F.3d 1268 (6th Cir. 2000) (Table) (citation omitted). Whether or not Ross failed in his professional obligations to the plaintiff as his client, he cannot be subject to suit under section 1983.

The plaintiff's case is subject to dismissal for another reason. His primary request for remedy is to be relieved of his conviction and sentence. However, section 1983 is not an allowable alternative to the "traditional remedy of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). That is, "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Ibid*.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a prisoner could not "recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" as long as the underlying conviction remained intact. *Ibid*. at 486. The Court held that such a claim was barred unless "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id*. at 487.

The prohibition on section 1983 actions to circumvent the exhaustion requirements of habeas petitions extends beyond actions for money damages. *Thomas v. Eby*, 481 F.3d 434, 438 (6th Cir. 2007). "'[A] state prisoner's § 1983 action is barred . . . no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to

conviction or internal prison proceedings) — *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.'" *Id*. at 439 (emphasis in original) (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005)). Because the plaintiff here does not allege that his conviction has been overturned, expunged, or called into question by a writ of habeas corpus, his allegations against the defendants, which all relate to his criminal prosecution and conviction, are barred. When a civil rights plaintiff seeks to vacate his criminal convictions or reduce his sentence, the complaint is subject to dismissal because the sole remedy for that type of relief is a petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Preiser*, 411 U.S. at 500.

### III.

The plaintiff's complaint fails to state a claim for which relief may be granted as to any of the defendants.

Accordingly, it is **ORDERED** that the order referring the case to the magistrate judge for pretrial matters (ECF No. 14) is **VACATED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: June 10, 2021